Filed 11/16/20  P. v. Madding CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091252 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF02776) |
| v. | |
| BRIAN SCOTT MADDING, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Brian Scott Madding asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the trial court's order.

1

The People's May 8, 2019, first amended complaint charged defendant with the first degree murder of Greta Jane Putnam (Pen. Code, § 187, subd. (a)—count 1)[1] and burglary (§ 459—count 2). The complaint also alleged that the murder was committed during the course of a burglary (§ 190.2, subd. (a)(17)), and as to both counts, that defendant used a deadly weapon (§ 12022, subd. (b)(1)), and had suffered two prior prison terms (§ 667.5, subd. (b)).

Defense counsel declared a doubt concerning defendant's competency to stand trial and proceedings were suspended pending a section 1368 competency evaluation Dr. Don Stembridge's report opined defendant was competent to stand trial. The trial court found defendant competent and reinstated criminal proceedings. Defendant then entered dual pleas of not guilty and not guilty by reason of insanity. In response, the court appointed two new experts, Dr. Craig West and Dr. Kevin Dugan, to evaluate him pursuant to section 1026. These experts ultimately submitted reports opining defendant was sane at the time of the alleged crimes. Following a preliminary examination, defendant was held over for trial. Defendant later withdrew his not guilty by reason of insanity plea.

On the first day of trial, defendant withdrew his not guilty plea. He entered a plea of no contest to first degree murder and admitted the felony murder allegation in exchange for dismissal of the remaining count and special allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. It was stipulated that the factual basis for the plea would be taken from the probation report.

That report stated the 86-year-old victim was discovered by her home healthcare worker, laying in blood-soaked bedding in her bed. The fire department responded, and

---

[1] Undesignated statutory references are to the Penal Code.

upon closer inspection, found a knife protruding from the victim's neck. Similar knives were located in the kitchen. It was determined the victim was stabbed at least three times in the neck and three times in her forearm, but probably lived for several minutes before succumbing to blood loss from her wounds.

On the victim's mirror in her bathroom written in lipstick was "666" and a pentagram. A fingerprint recovered from the lipstick tube was matched to defendant. Defendant admitted to smoking marijuana with a pipe recovered in the victim's home. Defendant also admitted to taking the victim's credit card, which was the only thing missing from the house.

Defendant was seen the morning the body was discovered with a bloody blanket and had contacted authorities to report that he had been assaulted in an apparent attempt to manufacture an alibi. When authorities contacted defendant again the next day, the blanket was gone. During questioning, defendant first attempted to blame the murder on an individual named Jonathan, but later admitted to committing the crime alone. Defendant had observed the victim and thought she would be an easy target.

The trial court sentenced defendant to life without the possibility of parole. The court also ordered defendant pay a $300 restitution fine (§ 1202.4, subd. (b)), a $30 criminal conviction assessment fee (Gov. Code, § 70373, subd. (a)(1)), and a $40 court operations assessment fee (§ 1465.8). Additionally, the court ordered defendant to pay $1,965 in restitution to the California Victim Compensation Board for the victim's burial costs (§ 1202.4, subd. (f)) and reserved jurisdiction to determine the amount of restitution to award to the victim's estate. The court found defendant did not have the ability to pay the presentence investigation or public defender fees. Defendant timely appealed and his request for a certificate of probable cause was denied.

II

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to

3

review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed and has not done so.

Having examined the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Consequently, we will affirm.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
ROBIE, J.

_____/s/_____
MURRAY, J.